J-S14022-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RUBEN SERRANO | : | |
| | : | |
| Appellant | : | No. 1281 MDA 2020 |

Appeal from the PCRA Order Entered September 16, 2020
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0005147-2002

BEFORE:  BOWES, J., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY DUBOW, J.:                    **FILED JUNE 22, 2021**

Appellant, Ruben Serrano, appeals *pro se* from the September 16, 2020 Order that dismissed as untimely his third Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46.  Because Appellant's PCRA Petition was patently untimely and Appellant has failed to plead and prove an exception to the PCRA time bar, we affirm the PCRA court's dismissal.

A detailed factual and procedural history is unnecessary to our disposition.  Briefly, on May 12, 2003, a jury convicted Appellant of Murder of the Third Degree following the shooting death of his acquaintance, Luis Contreras, during their drive home from a nightclub.  On July 10, 2003, the court sentenced Appellant to a term of twenty to forty years' incarceration.  This Court affirmed Appellant's Judgment of Sentence, and our Supreme Court denied allowance of appeal on November 3, 2004.  ***Commonwealth v. Serrano***, 858 A.2d 1282 (Pa. Super. 2004) (unpublished memorandum),

*appeal denied*, 863 A.2d 1145 (Pa. 2004). Appellant did not seek further review of his Judgment of Sentence, which, thus, became final on February 1, 2005. **See** 42 Pa.C.S. § 9545(b)(3); U.S.Sup.Ct.R. 13 (petition for writ of *certiorari* must be filed within 90 days of final judgment).

On August 12, 2020, Appellant filed the instant *pro se* PCRA Petition, his third, alleging that his sentence is illegal, and that trial counsel was ineffective for failing to object to his illegal sentence. PCRA Petition, 8/12/20, at repaginated 2-3. On August 17, 2020, the PCRA court issued a Pa.R.Crim.P. 907 Notice of the court's intent to dismiss Appellant's PCRA Petition without a hearing as untimely. Appellant responded that his illegal sentence claim satisfied an exception to the PCRA time bar because it cannot be waived. Response, 9/8/20, at 1-2. On September 14, 2020, the PCRA court issued an Order dismissing Appellant's PCRA Petition as untimely.

Appellant timely filed a *pro se* Notice of Appeal. Appellant and the PCRA court both complied with Pa.R.A.P. 1925.[1]

Appellant raises the following issues for our review:

_____

[1] On September 30, 2020, the PCRA court ordered Appellant to file a Rule 1925(b) Statement by October 21, 2020. On October 27, 2020, the PCRA Court issued a Rule 1925(a) Opinion concluding that all of Appellant's issues were waived due to his failure file a timely Rule 1925(b) Statement. On November 20, 2020, Appellant filed a Motion for Reconsideration, with an attached Rule 1925(b) Statement, requesting that the court accept his Statement as timely because, due to a COVID-19 outbreak and subsequent lockdown in the prison where he is incarcerated, he had not received the PCRA court's Order in a timely manner. On November 30, 2020, the PCRA court issued a Rule 1925(a) Opinion, which, *inter alia*, granted Appellant's Motion.

I.    Whether the Court erred when it held that [Appellant]'s PCRA was untimely in lieu of considering the merits of the issues raised therein, namely [Appellant]'s viable claim of an [illegal] sentence.

II.   Did the [PCRA] [c]ourt err and abuse its discretion in imposing a sentence on the charge of Third [D]egree Murder, where the court misapplied the sentencing guidelines and unknowingly imposed a sentence on that charge that far exceeded the highest recommended guideline sentence.

III.  Whether the [PCRA] court erred when it failed to indicate that it was sentencing [Appellant] outside of the guidelines and failed to provide a contemporaneous statement of its reasons for such deviation.

Appellant's Br. at 6.

We review the denial of a PCRA petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014). This Court grants great deference to the findings of the PCRA court if they are supported by the record. *Commonwealth v. Boyd*, 923 A.2d 513, 515 (Pa. Super. 2007). We give no such deference, however, to the court's legal conclusions. *Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012).

The timeliness of a PCRA petition is a jurisdictional requisite. *Commonwealth v. Zeigler*, 148 A.3d 849, 853 (Pa. Super. 2016). A PCRA petition, including a second or subsequent petition, must be filed within one year of the date the underlying judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). Appellant's Petition, filed more than

fifteen years after his Judgment of Sentence became final, is facially untimely. However, Pennsylvania courts may consider an untimely PCRA petition if an appellant pleads and proves one of the three exceptions set forth in Section 9545(b)(1) within one year of the date the claim could have been presented. 42 Pa.C.S §§ 9545(b)(1)(i-iii),(b)(2).

"Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." **Commonwealth v. Fahy**, 737 A.2d 214, 223 (Pa. 1999). "When a petitioner files an untimely PCRA petition raising a legality-of-sentence claim, the claim is not waived, but the jurisdictional limits of the PCRA itself render the claim incapable of review." **Commonwealth v. Jones**, 932 A.2d 179, 182 (Pa. Super. 2007). In addition, "[i]t is well settled that allegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA." **Commonwealth v. Wharton**, 886 A.2d 1120, 1127 (Pa. 2005).

Here, Appellant has not pleaded and proved the applicability of any of the PCRA's timeliness exceptions. Appellant's claims that his sentence was illegal and that his trial counsel was ineffective, without more, fail to overcome the one-year time bar. Therefore, this Court, like the PCRA court, is without jurisdiction to consider the merits of this appeal. We, thus, affirm the denial of PCRA relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/22/2021